IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DUSTIN KNIGHT,** | ) |
| | ) |
|               **Plaintiff,** | ) |
| | ) |
| **vs.** | )   Case No. 21-cv-00049-JPG |
| | ) |
| **UNKNOWN PARTY,** | ) |
| | ) |
|               **Defendant.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for case management purposes. This case was opened on January 14, 2021, when Plaintiff filed a letter complaining about a delay in his criminal proceedings and the conditions of his confinement at Williamson County Jail. (Doc. 1). Plaintiff expressed his intention to file a lawsuit, but he named no defendants and requested no relief. (*Id.*). He also paid no filing fee and failed to file a motion for leave to proceed *in forma pauperis* ("IFP motion"). Therefore, on January 15, 2021, this Court entered an Order instructing Plaintiff to file a proper Complaint and either prepay the $402.00 filing fee or file an IFP motion on or before February 16, 2021. (Doc. 4). Plaintiff filed an IFP motion on January 26, 2021, and the Court entered an Order requiring him to produce additional information. (Docs. 5 and 8).

A second case was opened two weeks later when Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983. *Knight v. Rynolds, et al.*, Case No. 21-cv-00100-JPG (S.D. Ill. filed Jan. 28, 2021). In the Complaint, Plaintiff also complained of a delay in his criminal proceedings and unconstitutional conditions of confinement. (Doc. 1). Despite paying no filing fee and filing no IFP motion in the new action, the Court screened the matter without delay because of the potentially urgent nature of Plaintiff's claim for unconstitutional conditions of confinement. (Doc. 4). The Complaint survived screening. (*Id.*).

1

Review of these two matters reveals that the Complaint (Doc. 1) filed in the new case (Case No. 21-cv-100-JPG) should have been filed as the Complaint in the original action (Case No. 21-49-JPG). Because Plaintiff did not list the original case number anywhere on the Complaint or mention his original lawsuit in the document, a new case was opened. The two cases are obviously duplicative and should not proceed as separate actions. Both matters involve claims for a delay in Plaintiff's criminal proceedings and a challenge to his conditions of confinement.

Although the Court would normally allow the original action to proceed and administratively close the newer case, the Court will deviate from this practice here. The new case (Case No. 21-cv-100-JPG) has now been screened and is being served on one or more defendants. (Doc. 4). The original case still has no operative Complaint. The filing dates for these cases differ by only two weeks, and neither action is time-barred. Under the circumstances, it would be simpler to proceed with the newly-screened case (Case No. 21-cv-100-JPG) and administratively close the original action (Case No. 21-cv-49-JPG).

The Clerk of Court is thus **DIRECTED** to **RE-FILE** the Motion for Leave to Proceed *in forma pauperis* (Doc. 4) and related Order (Doc. 8) from the original case (Case No. 21-cv-49-JPG) in the new case (Case No. 21-cv-100-JPG) and **TERMINATE** Doc. 4 in the original action. The Clerk is further **DIRECTED** to **ADMINISTRATIVELY CLOSE** the original case (Case No. 21-cv-49-JPG). No filing fee is assessed for the original action. All further documents filed in connection with Plaintiff's claims should be filed in Case No. 21-cv-100-JPG.

**IT IS SO ORDERED.**

**DATED: February 3, 2021**                                s/J. Phil Gilbert
                                                                                    **J. PHIL GILBERT**
                                                                                    **United States District Judge**